NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAJAUNA KENYATTA IRVIN, | No. 18-15928 |
| Plaintiff-Appellant, | D.C. No. 1:10-cv-01940-DAD-SAB |
| v. | MEMORANDUM[*] |
| JAMES A. YATES, Warden; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted August 8, 2019[**]

Before:     FARRIS, D.W. NELSON, and TROTT, Circuit Judges.

California state prisoner Kajauna Kenyatta Irvin appeals pro se from the

district court's summary judgment in his action under 42 U.S.C. § 1983 and the

Religious Land Use and Institutionalized Persons Act.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo.  *Jones v. Williams*, 791 F.3d 1023, 1030

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2015).  We affirm.

The district court properly granted summary judgment on Irvin's free exercise claim related to chapel access because Irvin failed to raise a genuine dispute of material fact as to whether defendants' actions substantially burdened the practice of his religion or whether the regulations were not reasonably related to a legitimate penological interest.  *See id*. at 1031-32 (defining substantial burden for purposes of the Free Exercise Clause); *see also Turner v. Safley*, 482 U.S. 78, 89-90 (1987) (factors for determining whether a prison regulation is reasonably related to a legitimate penological interest).

The district court did not abuse its discretion by granting in part Irvin's fourth motion to extend the time to file an opposition to defendants' motion for summary judgment because the district court warned Irvin that the court would not grant further extensions and Irvin had over eight months to file an opposition.  *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . ."); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) (setting forth standard of review and discussing good cause requirement for extensions of time).

The district court did not abuse its discretion by denying Irvin's motion to stay proceedings because Irvin provided no justification for a stay, and the district court's assessment of the evidence was not clearly erroneous.  *See Dependable*

*Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (district court abuses its discretion in denying a stay if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of evidence).

The district court did not abuse its discretion by denying Irvin's motion to appoint counsel because Irvin failed to show exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

The district court did not abuse its discretion by denying Irvin's motion for reconsideration because Irvin failed to demonstrate any grounds for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and listing grounds warranting reconsideration under Fed. R. Civ. P. 60(b)).

We reject Irvin's contention that the district court erred by denying his motion "for postponement of hearing on defendants' summary judgment motion." The district court could not grant the request because it had not scheduled a hearing on the summary judgment motion. However, despite granting three prior generous extensions and warning Irvin that it would grant no further extensions, the district court sua sponte granted Irvin a fourth extension of time to oppose summary judgment of almost three months to respond.

We do not consider arguments raised for the first time on appeal or matters

not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellant's motion concerning substitution of a party (Docket Entry No. 23) is denied as unnecessary.

**AFFIRMED.**